UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ROLDY FRANCOIS,                     )
                                    )
        Petitioner,                 )
                                    )
        v.                          )   C.R. No. 10-038 S
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )
_____)

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Roldy Francois ("Petitioner") has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"). (ECF No. 157.) He subsequently submitted two supplemental memoranda in support of his Motion. (ECF Nos. 168 and 172.) The Second Supplemental Memorandum (ECF No. 172) raised a claim under Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), which the Court reserves ruling on and will address in a separate order. The United States filed an Objection to Petitioner's Motion (ECF No. 169), to which Petitioner filed a Reply (ECF No. 171). For the reasons set forth below, Petitioner's Motion is DENIED.

I. Background

On March 27, 2009, a man named Efrain Baez reported a briefcase containing his social security card and birth certificate stolen. Less than one month later, Florida issued

Petitioner a driver's license in Baez's name, but bearing a picture of Petitioner. Petitioner used Baez's identity on at least four occasions to purchase guns. He identified himself as "Efrain Baez" on Alcohol, Tobacco, and Firearm ("ATF") Form 4473 and falsely certified that he had never been convicted of a felony. Evidence also indicated that Petitioner used Baez's identity when he was cited for speeding and at a firing range. On February 16, 2010, Petitioner went to the Providence Police Department and, continuing to use Baez's identity, reported two firearms stolen. A detective later recognized Petitioner as Roldy Francois. On March 16, 2010, law enforcement apprehended Petitioner after a tense, six-hour stand-off where Petitioner threatened to shoot either one of the officers or himself.

After a jury trial, Petitioner was convicted of being a felon in possession of firearms, possession of a firearm with an obliterated serial number, making false statements in connection with the acquisition of firearms, possession of an identification document with the intent to defraud the United States, and aggravated identity theft. Petitioner was sentenced to a total of 164 months of incarceration. On appeal, the First Circuit affirmed the convictions, but found that Petitioner's sentence for Counts 10-13 exceeded the statutory maximum. United States v. Francois, 715 F.3d 21, 24 (1st Cir. 2013). The First Circuit vacated his

sentence and remanded for resentencing on all seventeen counts. <u>Id.</u>

At resentencing, this Court imposed a revised sentence of 144 months imprisonment followed by 36 months of supervised release. Petitioner now files his Motion under 28 U.S.C. § 2255, arguing that: 1) his trial counsel was ineffective for failing to sufficiently investigate his mental health history; 2) his counsel at resentencing was ineffective for failing to present mitigating mental health evidence; 3) his appellate counsel was ineffective for failing to challenge whether the jurors improperly based their decision to convict him of aggravated identity theft on misdemeanor charges; and 4) his appellate counsel was ineffective for failing to challenge the sufficiency of evidence for his aggravated identity theft conviction.

II. Discussion

    A.   Ineffective Assistance of Counsel

A petitioner who claims he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate: 1) "that counsel's performance fell below an objective standard of reasonableness," and 2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984). In assessing the adequacy of counsel's performance, the Court looks to "prevailing professional norms."

Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994). All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," avoiding "the distorting effects of hindsight." Strickland, 466 U.S. at 689. "[I]t is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission was unreasonable." Id. Here, Petitioner's claims of ineffective assistance of counsel do not satisfy the standard to grant relief.

  1. Counsel During Trial (William Dimitri)

Petitioner's first claim is that his trial counsel, William Dimitri, failed to sufficiently investigate mitigating mental health information prior to trial. However, Petitioner's first court-appointed attorney, against whom Petitioner filed a complaint and who successfully moved to withdraw, requested a mental health evaluation that was conducted at the Wyatt Detention Facility. (Pet'r's Mot. to Vacate 7, ECF No. 168.) Decisions regarding the extent of an attorney's investigation "must be directly assessed for reasonableness in all the circumstances." Wiggins v. Smith, 539 U.S. 510, 533 (2003) (quoting Strickland, 466 U.S. at 691). With a presumption of reasonableness, the

4

omission of requesting a second, duplicative test lies within the boundaries of competence.

Next, Petitioner contends that Dimitri provided ineffective assistance of counsel at the sentencing stage of the trial by not presenting the mitigating evidence of Petitioner's mental health issues. However, the Presentence Report ("PSR"), in full view of the Court, contained great detail of Petitioner's troubled upbringing, mental health evaluation at the Wyatt Detention Facility, as well as his diagnoses of Depressive Disorder and Post-Traumatic Stress Disorder ("PTSD"). Moreover, trial counsel reminded the Court of the relevant information pertaining to Petitioner's mental health in a Motion for Sentence Variation: "He has lost family members in earthquakes, has been diagnosed with Depressive Disorder and post-traumatic stress disorder and has not only suicide ideation but has attempted suicide in the past." (Pet'r's Mot. For Sentence Variation 5, ECF No. 108.)

Once again, at the sentencing hearing, Dimitri reiterated the relevance of Petitioner's mental health issues:

> [H]is refusal to surrender was hardly the act of someone who was rational in his thinking, hardly the act and conduct of a reasonable person. And it's clearly more consistent, his conduct on that day was clearly more consistent with that of someone who was despondent and suicidal as opposed to someone who would be reasonable.

(Sentencing Tr. 4:17-23, ECF No. 135.)

5

Because Dimitri did present mitigating mental health information to the Court, this argument does not satisfy the first prong of Strickland.

>   2. Ineffective Assistance of Counsel During Resentencing (Olin Thompson)

Petitioner offers a similar claim that his third court-appointed counsel, Olin Thompson, provided ineffective assistance at the resentencing phase of his case by failing to brief Petitioner's mental health history to the Court. Considering the PSR, Motion for Sentence Variation, and oral argument at sentencing - which were all in full view of the Court - the claim that counsel did not sufficiently present mitigating mental health arguments fails. Indeed, at the resentencing hearing, counsel argued that "[t]he chief issue, I think, for Mr. Francois is the mental health issues that he has." (Resentencing Tr. 14:24-25, ECF No. 153.)

At each of the sentencing proceedings, the Court was aware of Petitioner's mental health condition. The decision to avoid extensively repeating, yet still mentioning, what was already known by the Court does not fall outside the wide range of reasonable professional assistance. Because Petitioner was ably represented at resentencing, this claim fails.

>   B. Ineffective Assistance of Appellate Counsel (Michelle Menken)

The Strickland standard also applies when evaluating a claim for ineffective assistance of counsel on appeal. Arroyo v. United

6


States, 195 F.3d 54, 55 (1st Cir. 1999).  Petitioner claims his appellate attorney, Michelle Menken, erred by failing to raise two challenges, both concerning his conviction of aggravated identity theft.  The first inquiry for each of these arguments is whether the objection "was so obvious and promising that no competent lawyer could have failed to pursue it."  Id.  If incompetence is shown, it is still necessary to demonstrate prejudice.  Id.  The Court will analyze the two challenges in turn.

       1.    Failure to Argue that Petitioner's Conviction for Aggravated Identity Theft Was Inappropriately Predicated on a Vacated Felony

Appellate counsel Menken was successful in vacating the sentence for Counts 10-13 because the First Circuit decided Petitioner was inappropriately sentenced under 18 U.S.C. § 1028(b)(1), a felony, rather than 18 U.S.C. § 1028(b)(6), a misdemeanor.  Petitioner now contends that Menken provided ineffective assistance because she failed to further argue that the aggravated identity theft counts (14-17) should also be vacated.  Aggravated identity theft requires that the defendant used the identity of another in relation to the commission of a predicate felony.  Petitioner argues that, because the Court instructed the jury that either Counts 6-9 or Counts 10-13 could be used as predicate offenses, "we have no way of knowing [on] which of them the jury based their verdicts." (Pet'r's Supp. Mem. 8, ECF No. 168.)

7

First, this claim was arguably not ripe until the First Circuit Court of Appeals vacated the felony sentence on Counts 10-13, as Petitioner's counsel at resentencing explained to the Court. (Resentencing Tr. 6:20-25, ECF No. 153 ("THE COURT: But wouldn't that have had to have been appealed? MR. THOMPSON: No, your Honor, because it wasn't -- it wasn't a live issue at the time until the Court of Appeals vacated the -- THE COURT: Oh, I see what you're saying. Okay.").) But even assuming, _arguendo_, that the first prong of the _Strickland_ test were met, Petitioner would still be unable to show that he was prejudiced by his appellate attorney's omission of this challenge. At resentencing, Attorney Thompson fully argued this issue. After hearing argument from both parties, the Court ruled that it was reasonable to believe that the jury found Petitioner guilty of aggravated identity theft in relation to Counts 6-9, thereby upholding Counts 14-17.

The crux of Petitioner's argument is that because one of the alternatives of the general verdict of guilty on Counts 14-17 is no longer valid, the sentence should have been vacated. However, "when parallel theories are submitted to a criminal jury antecedent to a general verdict of guilty, the verdict should be upheld as long as there is sufficient evidence to validate either of the theories presented." _Leftwich v. Maloney_, 532 F.3d 20, 24 (1st Cir. 2008) (citing _United States v. Griffin_, 502 U.S. 46, 60 (1991)); _see also_ _United States v. Moran_, 393 F.3d 1, 14-15 (1st

Cir. 2004) ("It is common ground that when 'disjunctive theories are submitted to the jury and the jury renders a general verdict of guilty . . . as long as there was sufficient evidence to support one of the theories presented, then the verdict should be affirmed.'" (quoting United States v. Garcia, 992 F.2d 409, 416 (2d Cir. 1993)).

Here, as the Court explained at the resentencing hearing, a reasonable jury could have found Petitioner guilty of aggravated identity theft under 18 U.S.C. § 1028A(a)(1) (using, without lawful authority, a means of identification of another person) in relation to 18 U.S.C. § 922(a)(6) (making false statements in the acquisition of a firearm), of which Petitioner was convicted on Counts 6-9.  (See Resentencing Tr. 11:11-12:14, ECF No. 153.) Petitioner was a convicted felon.  He unlawfully used Baez's identification in relation to making false statements that he was not a convicted felon.  He certified this false statement on the ATF Form 4473 in the acquisition of firearms on four separate dates.  Based on these facts, a reasonable jury could have concluded Petitioner was guilty of aggravated identity theft beyond a reasonable doubt.

Because Petitioner was not prejudiced by his appellate counsel's failure to raise this argument, his challenge of ineffective assistance of counsel fails.

9

>        2.   Failure to Challenge Sufficiency of Evidence for
>             Mens Rea Element of Aggravated Identity Theft

Petitioner's final claim contends that his appellate counsel provided ineffective assistance in failing to raise a challenge to the jury's finding that Petitioner knew Baez was a real person. The mens rea element of 18 U.S.C. § 1028A(a)(1) requires the Government to show that Petitioner knew that the means of identification at issue belonged to another person. Flores-Figueroa v. United States, 556 U.S. 646, 657 (2012). Assuming this issue was preserved for appeal, Petitioner cannot show that he was prejudiced by his counsel omitting this challenge.

The First Circuit has held that the possession of an individual's birth certificate and credit reports is sufficient to allow a rational finder of fact to conclude that Petitioner knew the victim was a real person. United States v. Valerio, 676 F.3d 237, 244 (1st Cir. 2012). The Court in Valerio also noted that Petitioner's "'willingness to subject the Social Security card repeatedly to government scrutiny' constituted evidence that she knew the identity belonged to a real person." Id. at 243 (quoting United States v. Holmes, 595 F.3d 1255, 1258 (11th Cir. 2010)). Here, Petitioner possessed the victim's social security card and birth certificate. Beyond the possession of these identification documents, he willfully subjected both to government scrutiny at least once in obtaining a driver's license in Florida. The

10

government's circumstantial evidence was sufficient for a rational jury to find beyond a reasonable doubt that Petitioner knew the identification documents belonged to another person. Petitioner was not prejudiced by his counsel's omission of this argument and his claim of ineffective assistance of counsel fails.

III. Conclusion

For the foregoing reasons, the Court hereby DENIES Petitioner's Motion (ECF No. 157). The Court will rule separately on the issues raised in Petitioner's Second Supplemental Memorandum (ECF No. 172) concerning Johnson v. United States, 135 S. Ct. 2551, 2563 (2015).

IT IS SO ORDERED.

/s/ W. Smith
William E. Smith
Chief Judge
Date: July 29, 2016